Donahue, J.
It is shown by the articles of incorporation, and conceded by counsel for plaintiff in error, that The Physicians Hospital'Association was organized as a corporation not for profit, under the general corporation laws of this state. Neither the articles of incorporation nor the constitution adopted by the association show that the purpose of the organization is a public charity. The written by-laws were not admitted in evidence, but the oral evidence fairly establishes the fact that this hospital is conducted as a public hospital, open at all times to the public, regardless of color, and is at the service of any reputable physician of any school of medicine to the extent of its facilities, without limitation or discrimination as to the individual applicant — excepting cases of contagious disease and cases of mental disease requiring restraint, for the handling of which the hospital has *5 no facilities, maternity cases not of emergency or surgical nature, and cases where it is suspected that the hospital is to be used to cover up criminal practices.
Where patients are financially able, they are required to pay $10 per week for ward beds, and from $15 to $35 per week for rooms, depending upon the number occupying a room, or the size, location, or desirability thereof, and whenever the doctor sending a patient to the hospital certifies that the patient is not able to pay anything no charge is made. Accident and other emergency cases are admitted without recommendation, regardless of the ability of the patient to pay.
It also appears from the evidence that the expenses of operating the hospital are largely in excess of the revenues derived from patients; that the physicians who are members of this corporation, and one other, donated the original fund necessary for the purchase and equipment of the hospital; and that since that time further donations have been made, for none of which certificates of stock were issued, nor can they be issued under the charter.
Taken in connection with this evidence, the petition of the plaintiff filed in this case — now a matter of public record, the truth of which can never be challenged by The Physicians Hospital Association— declares that this hospital is operated and conducted exclusively for charitable purposes. The trial court found these allegations to be true, and unless reversed by this court in this error proceeding that judgment becomes res adjudicata of the *6 facts so found. Therefore, notwithstanding the indefiniteness of this charter and constitution, this corporation is forever estopped from denying its eleemosynary character, and can never divert its revenues from the purposes of public charity.
The state is fully authorized to enforce the execution of the trust involved in the gift of the foundation fund, according to the intention of the donors and the purposes of the organization, and prevent the diversion of its funds to private profit.
While it appears from the evidence that the physicians who are members of this corporation re- - ceive pay for the treatment of patients who are sent there upon their recommendation, where the patient is able to pay, this cannot affect the character of the institution itself. The hospital purports to furnish only hospital accommodation, and not professional treatment by physicians or surgeons. Whatever services are rendered indigent patients without charge is a matter of charity on the part of the physicians, who may or may not be members of the hospital association. Nor does the fact that a public charitable hospital receives pay from a patient for lodging and care affect its character as a charitable institution. Taylor, Admr., v. The Protestant Hospital Association, 85 Ohio St., 90.
There is no claim made in the pleadings that this corporation is a plan or subterfuge on the part of its promoters for the purpose of deriving profit under the guise of a charitable institution. That question could hardly be made in this case, but rather in a case brought by the state, or on behalf of the state, to revoke its charter, either for a *7 fraud upon the state in procuring the charter to issue, or for an abuse of its corporate powers.
It further appears that this property is actually used by the defendant in error in the operation of its hospital. Under its charter, the allegations of its petition, the evidence in this case, and the finding and judgment of the court of common pleas, this property cannot lawfully be used by this corporation for a hospital other than a public charity hospital.
Where private property is temporarily used exclusively for purposes of public charity, it may be withdrawn from such use at any time at the will of the owner, but that cannot be done with the property in question. It was purchased with trust funds donated for the purposes of a public charity hospital, and is impressed with that trust. It cannot be withdrawn from the uses of this trust at the will of the trustee, or of any or all of the donors of the fund. The donors of this fund have parted .with all private ownership in the fund itself. They have no property interest in the fund, or the real estate purchased with the fund, and no rights whatever in relation thereto, except to compel the administration of the trust in accordance with the terms of the gift. The title to this property is in this corporation only as a trustee for the purposes of this trust, and it cannot divert it to any use other than public charity.
Every dollar received by this association from patients who are able to pay, or from other sources, immediately becomes impressed with the same trust, and cannot be diverted to private profit. *8 This corporation can be compelled by a court of competent jurisdiction to administer this trust according to the intent and purpose of the donors of the fund, as found by the court of common pleas in this case; or, upon its failure to do so, it can be removed, and another trustee appointed who will properly administer the same.
It is true that this corporation is not compelled to use this property for hospital purposes. It may find the property inadequate for its needs, and purchase other property for the purposes, or it may find it unnecessary to occupy the entire property for a hospital, and may sell the same, or rent the whole or a part thereof, as may in its judgment be for the best interest of the trust; but the funds obtained from sale or rentals would still be trust funds, that could not be devoted to any purpose other than the purposes of the trust, although the property itself would no longer be used exclusively for public charity. If, however, it uses this property exclusively for hospital purposes, then such hospital must be a public charitable hospital, and as such its doors must open to those who are unable to pay, the same as they open to those who have the means to contribute further sums to this public charity commensurate in a degree at least with the hospital accommodations they receive.
The fact that it may receive pay patients, without losing its character as a public charitable hospital, does not authorize it to receive pay patients in such numbers as to exhaust its accommodations, so that it cannot receive and extend hospital service to the usual and ordinary number of indigent pa *9 tients applying for admission under proper rules and regulations of the board of trustees — excepting, of course, the cases it has no facilities for handling as described and defined by the evidence in this case. The first concern of a public charitable hospital must be for those who are unable to pay. If, after taking care of these, it still has further accommodations, there can be no objection to making use of the same for pay patients in order to increase the fund which may be at its disposal for the benefit of the poor. It may be, however, that it cannot always nicely measure these demands. It is sufficient if it conforms its conduct along the lines of its experience as to the ordinary and usual demand made upon it by charity patients, provided always that it act in good faith and consistent with the purposes of its organization.
If this defendant in error fails in these particulars, the remedy is not by placing this property upon the tax duplicate, but by action to enforce a proper administration of the trust, or the revocation of its charter for abuse of its corporate franchise, and the appointment of another trustee to administer the trust.
The judgment of the court of appeals, affirming the judgment of the court of common pleas, is affirmed.

Judgment affirmed.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias and Johnson, JJ., concur.